IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD KOSHIR, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 20-1441 |

**O R D E R**

AND NOW, this 31st day of March, 2022, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 30) filed in the above-captioned matter on November 29, 2021,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 26) filed in the above-captioned matter on September 29, 2021,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Donald Koshir, Jr., protectively filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, effective August 29, 2017, claiming that he became disabled on October 24, 2016, due to symptoms stemming from

extensive nerve damage.  (R. 15, 158-59, 185).  After being denied initially on November 14, 2017, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on June 12, 2019.  (R. 15, 87-89, 91, 33-77).  In a decision dated August 9, 2019, the ALJ denied Plaintiff's request for benefits.  (R. 15-28).  The Appeals Council declined to review the ALJ's decision on August 3, 2020.  (R. 1-3).  Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.     Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).  If the district court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla."  *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It

means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.*  So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06.  Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a

disability as defined by the Act. *See* 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See* 20 C.F.R. § 404.1520(a)(4)(v). In making this determination,

the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See* 20 C.F.R. § 404.1523.

### III. The ALJ's Decision

In her August 9, 2019 decision, the ALJ found that Plaintiff met the insured requirements of the Act through September 30, 2020. (R. 17). The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of October 24, 2016. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had the severe impairments of irritable bowel syndrome, gastroesophageal reflux disease, chronic pain syndrome, osteoarthritis of hand joints, mild carpal tunnel syndrome, cervical radiculitis, and lumbar degenerative disc disease. (*Id.*). The ALJ found that Plaintiff's alleged hernias, adjustment disorder, and neurogenic thoracic outlet syndrome did not qualify as severe impairments. (R. 17-19). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 20-21).

The ALJ found that Plaintiff retained the RFC to medium light work with the following additional limitations:

- Occasionally lifting and carrying fifty pounds, frequently twenty-five pounds;
- Sitting, standing, and walking six hours each;
- Limited to frequent use of hand controls with both hands as well as frequent handling and fingering with both hands;
- Frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds;
- Frequently balance, stoop, kneel, crouch, and crawl;
- Require no exposure to extreme cold or extreme heat.

(R. 21-26). Significantly, in so finding, she found the only opinion as to Plaintiff's functional capacity, that of Jerome Gera, M.D., Plaintiff's treating primary care physician, to be unpersuasive. (R. 25). The ALJ used a vocational expert ("VE") at Step Four of the process, asking her multiple alternative hypothetical questions to determine whether Plaintiff was capable of performing his past relevant work. (R. 26). In response to the question setting forth the limitations ultimately included in the RFC, the VE testified that Plaintiff could perform his past relevant work at the composite position of parts manager/automobile inspector.[1] (R. 67). However, in response to a follow-up question as to whether Plaintiff could perform this work if he was limited to only occasional bilateral handling and fingering, the VE stated that Plaintiff could not perform such work. (R. 75-76). Relying on the VE's answer to the first hypothetical, which was consistent with the formulated RFC, the ALJ found that Plaintiff could perform his past relevant work as it was actually performed and that he, therefore, was not disabled. (R. 26-28).

**IV.     Legal Analysis**

Plaintiff argues that the ALJ erred in evaluating the opinions of his treating physicians and in formulating the RFC. While the Court does not necessarily find that the RFC crafted by the ALJ could not be found to be supported by substantial evidence, it does find that the ALJ inadequately explained *how* she determined Plaintiff's RFC. Accordingly, the Court cannot find the ALJ's decision to be supported by substantial evidence and finds that remand is necessary for further consideration and discussion of these issues.

Plaintiff asserts that the ALJ should have given greater weight to the opinion of Dr. Gera, who suggested functional limitations that were substantially more restrictive than those in the final RFC (R. 461-63) and to that of Dr. A. Roger Wigle, M.D., his

---

[1]     Both parts of this composite position required light exertional work. (R. 61, 66).

treating orthopedist, who opined that he was disabled (R. 301), in formulating his RFC. He asserts that the ALJ impermissibly substituted her own lay interpretation of the record medical evidence in place of the opinions of these treating physicians, which he contends were consistent with the rest of the record and well-supported. He further argues that the ALJ erred in finding more persuasive the opinions of the state reviewing agents who had access to only some of the record evidence.[2]

The ALJ did discuss the medical opinions at significant length and explained how she evaluated them. (R. 25-26). However, under the circumstances of this case, the Court need not determine whether the ALJ's explanation was adequate and supported by substantial evidence. Although the ALJ's consideration of the medical opinions, including that of Dr. Gera, who offered the only opinion as to Plaintiff's functional capacity, is clearly relevant in determining the adequacy of her formulation of the RFC, the Court finds that, even assuming that proper weight was afforded to all of the opinions, the Court cannot find the ALJ's RFC determination to be supported by substantial evidence.

In formulating a claimant's RFC, not only must an ALJ consider all relevant evidence, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704). "'[A]n examiner's

---

[2] The Court notes that for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c). Therefore, while Dr. Gera's and Dr. Wigle's treating relationship with Plaintiff is relevant, it is only one of – and not the most important of – several factors. Indeed, Plaintiff acknowledges this in his brief and accounts for this in his argument.

findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *Id.* (quoting *Cotter*, 642 F.2d at 705). *See also* S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). Here, even assuming that the ALJ was correct in evaluating the medical opinion evidence as she did, she failed to provide a clear and satisfactory explication of the basis on which the RFC findings rested.

The RFC in this case was actually quite extensive and specific. However, while the ALJ discussed the evidence generally in explaining how she determined the RFC, at no point did she expressly indicate how she came to her specific determinations as to Plaintiff's functional limitations. In essence, she summarized the record evidence and then concluded, without any real explanation, that this evidence supported the RFC she crafted. As noted, the ALJ found unpersuasive the opinion of Dr. Gera, and, as Plaintiff points out, there were no other medical opinions as to his functional limitations. The state reviewing agents, both of whom rendered their opinions without the benefit of relevant later evidence, found that Plaintiff had no severe impairments in regard to Step Two and therefore offered no opinions as to Plaintiff's functional capacity.[3] (R. 78-85). While in some cases this might not be problematic, here, the combination

---

[3] Dr. Wigle likewise offered no opinion as to Plaintiff's functional capacity. Frankly, his opinion appears to be one as to the ultimate issue of whether or not Plaintiff is "disabled." It is well-established that such pronouncements are not considered "medical opinions" insofar as the opinion goes to an issue "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(1). *See also Griffin v. Comm'r of Soc. Sec.*, 305 Fed. Appx. 886, 891 (3d Cir. 2009); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000). Therefore, the ALJ's rejection of this opinion likely had little effect on the case. Nonetheless, the Court will leave it for the ALJ on remand to determine the persuasiveness of Dr. Wigle's opinion.

of the ALJ rejecting Dr. Gera's opinion, having no other opinion as to functional capacity in the record, and failing to provide sufficient specificity in explaining how she herself determined Plaintiff's RFC compels the Court to remand this case for further consideration and discussion.

The Court emphasizes that merely because there was not a medical opinion as to functionality in the record other than that of Dr. Gera does not mean that the ALJ was forced to base her RFC determination on an opinion she found unpersuasive by default. "The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c). Indeed, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Third Circuit Court of Appeals explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. In fact, an ALJ is permitted to make an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). It was not necessarily error, then, for the ALJ to reject the only relevant medical opinion in the record.

However, as discussed above, in any event, substantial evidence must support an ALJ's findings as to the claimant's RFC, and the ALJ must provide an adequate explanation as to how she formulated the RFC. Here the Court finds the explanation provided to be insufficient to determine whether substantial evidence supports the RFC findings. While the ALJ was not required to adopt the opinion of Dr. Gera, or to rely expressly on some other opinion, she did

have to explain how the evidence supported her RFC findings. The Court is unable, simply by reviewing the ALJ's discussion of the evidence, to determine how that evidence translated into the very specific RFC findings made by the ALJ. For instance, there is no real analysis as to why the ALJ settled on a finding that Plaintiff could perform medium work rather than light work (or, for that matter, heavy work). Likewise, the RFC contains numerous nonexertional limitations, and it is not necessarily clear whether the limitations included were restrictive enough, or why they were necessary in the first place. It is not that the record could not be found to support such an RFC finding, it is that the ALJ failed to explain with sufficient specificity why these exact restrictions, and not others, applied, especially in light of the contrary opinion of Dr. Gera.

The import of the issue is clear. The ALJ found, pursuant to the VE's testimony, that the RFC she crafted permitted Plaintiff to return to his past work in the composite position of parts manager/automobile inspector as the position had actually been performed. (R. 26, 67). However, although this position was ultimately found to require only light exertional work, there was a great deal of uncertainty as to whether light or medium was the proper exertional level to be applied to the composite position. (R. 70, 72-74). Because the ALJ ultimately found that Plaintiff could perform medium exertional work, this distinction did not matter. However, as noted above, the Court is not satisfied as to the ALJ's explanation as to how she arrived at the conclusion that Plaintiff could perform medium work; therefore, substantial evidence does not at this stage support a finding that Plaintiff can perform medium work. Given the uncertainty as to the appropriate exertional level of Plaintiff's past relevant work, this becomes relevant, because the Court cannot assume that Plaintiff could perform his past work even if the ALJ were to find him limited to light work.

More importantly, the RFC, as formulated by the ALJ, limited Plaintiff to frequent bilateral handling and fingering. (R. 21). However, the VE testified that if Plaintiff was limited to only occasional bilateral handling and fingering, he could not perform his past relevant work. (R. 75-76). Because the Court cannot determine the basis for the ALJ's finding limiting Plaintiff specifically to frequent fingering and handling, rather than to occasional, this distinction is potentially very relevant. The ALJ must more fully explain why the evidence supports her findings in this regard.

The Court is cognizant that an ALJ's decision need not be so comprehensive as to account with meticulous specificity for each finding contained therein. Likewise, the Court does not fault the ALJ for failing to discuss every piece of evidence in the record. *See Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citation omitted). However, the Court is unable to review the ALJ's findings where the ALJ failed to "build an accurate and logical bridge between the evidence and the result." *Id.* Here, the ALJ essentially asks the Court to assume that record evidence leads to the very specific conclusions she draws as to Plaintiff's RFC, despite a medical opinion to the contrary. However, the Court cannot make this assumption, as it is not the role of the Court to look at the evidence and determine whether it would lead to the conclusions to which the ALJ came. *See Fargnoli,* 247 F.3d at 44 n.7 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting *SEC v. Chenery Corporation,* 318 U.S. 80, 87 (1943)). Therefore, the Court will remand the matter so that the ALJ can more clearly explain how she came to her findings.[4]

---

[4] Because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Indeed, the Court emphasizes that it is not in any way finding that the ALJ's RFC findings are incapable of being

**V.**     **Conclusion**

In short, the record does not permit the Court to determine whether the findings of the ALJ regarding Plaintiff's RFC are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.


                                                                        s/Alan N. Bloch
                                                                        United States District Judge



ecf:           Counsel of record

---

found to have adequate record support. Moreover, although, as noted, the Court does not reach the issue of whether the ALJ properly analyzed the medical opinion evidence, this issue is obviously intertwined with the issue of Plaintiff's RFC and should be considered by the ALJ on remand.